IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 18-554 |
| v. | : | |
| | : | |
| ISAIAH DYKES | : | |

**McHUGH, J.**                                                                                             **March 16, 2022**

## MEMORANDUM

Defendant Isaiah Dykes has petitioned the Court for relief pursuant to 28 U.S.C. § 2255 to vacate a portion of his sentence that he contends was unconstitutionally imposed.[1] Specifically, Mr. Dykes argues that the reforms to the sentencing provisions of 18 U.S.C. § 924(c), enacted through the First Step Act of 2018—which eliminated the 25-year "stacking" provision for first-time § 924(c) offenders—were not properly accounted for in his plea agreement or at sentencing. He grounds his motion in both the substantive unconstitutionality of his sentence and in a claim for ineffective assistance of counsel for failing to raise the issue in the plea negotiations or at sentencing. Upon review of the record, it is clear that Mr. Dykes was sentenced in accordance with the mandatory requirements of § 924(c)(1)(A) and was not subjected to the 25-year stacking provision of § 924(c)(1)(C) which is now applicable only to repeat offenders. He is therefore not entitled to the relief he requests.

Mr. Dykes pleaded guilty to four criminal counts, including two counts under 18 U.S.C. § 1951(a) for robbery and two counts under § 924(c)(1) for using and carrying a firearm during and in relation to a crime of violence. Judgment, ECF 50. For each robbery count he was sentenced

---

[1] Mr. Dykes has submitted two motions, a month apart, which are almost identical. The operative motion here is identified as the Amended Motion at ECF 55 on the docket.

to a 1-month sentence that ran concurrently. *Id.* For each § 924(c) count, he was sentenced to an 84-month (7-year) sentence that ran consecutively to all other counts. The 84-month sentences were mandatory under § 924(c)(1)(A)(ii) and required to run consecutively to any other sentence pursuant to § 924(c)(1)(D)(ii). His total sentence was 169 months, which was the minimum sentence allowed by law. As imposed, the sentence was proper.

In his motion challenging the "stacking" of sentences, Mr. Dykes appears to have confused § 924(c)(1)(D)(ii)'s mandatory consecutive sentence provision with § 924(c)(1)(C)'s accelerated 25-year "stacking" provision for repeat § 924(c) offenders. Only the latter was modified by the First Step Act. Specifically, § 403 of the First Step Act clarified that the accelerated 25-year sentence provision would only apply "after a prior conviction under [the] subsection has become final" and struck the language that enabled 25-year consecutive sentences to be imposed in cases involving multiple § 924(c) counts for first-time § 924(c) offenders. *See United States v. Hodge*, 948 F.3d 160, 161 n.2 (3d Cir.), *cert. denied,* 141 S. Ct. 347 (2020). Despite having multiple § 924(c) counts, Mr. Dykes was not sentenced under § 924(c)(1)(C)'s 25-year provision. For the 924(c) counts, he was lawfully sentenced to two consecutive terms of seven years in accordance with the terms of the statute.

For these reasons, Mr. Smith's motion to modify his sentence under § 2255 will be denied, and there is no basis on which to issue a certificate of appealability. An appropriate order follows.

/s/ Gerald Austin McHugh  
United States District Judge